**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

STEPHANIE SEO,

                Plaintiff,

v.

VIKING COLLECTION SERVICE, INC., a Minnesota corporation,

                Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**<u>JURISDICTION</u>**

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.     This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**<u>VENUE</u>**

3.     Venue is proper in this Judicial District.

4.     The acts and transactions alleged herein occurred in this Judicial District.

5.     The Plaintiff resides in this Judicial District.

6.     The Defendant transacts business in this Judicial District.

**<u>PARTIES</u>**

7.     Plaintiff Stephanie Seo is a natural person.

8.    The Plaintiff resides in the City of Northglenn, County of Adams, State of Colorado.

9.    The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.   Defendant Viking Collection Service, Inc. is a Minnesota corporation operating from an address at 7500 Office Ridge Circle, Eden Prairie, Minnesota, 55344.

12.   The Defendant's registered agent in the state of Colorado is Beverly Hills Inc., 3605 Mead Street, Fort Collins, Colorado 80526.

13.   The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.   The Defendant is licensed as a collection agency by the state of Colorado.

15.   The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

18.     Sometime prior to 2011 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to Wells Fargo (hereinafter the "Account").

19.     The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.     The Account went into default with Wells Fargo.

21.     After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.     The Plaintiff disputes the Account.

23.     The Plaintiff requests that the Defendant cease all further communication on the Account.

24.     The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25.     The Defendant acted at all times mentioned herein through its employee(s).

26.     In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

27.     In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s) and voicemail message(s).

28.     The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

29.     The telephone call(s) and voicemail message(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

30.     The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31.     The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

32.     The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

33.     The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

34.     During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that she could not dispute the Account

with the Defendant and that she had to dispute the Account with Wells Fargo.

35.    The Defendant's representations stated in paragraph 34 were false and were false representations in connection with the collection of a debt, the Account.

36.    In the year prior to the filing of the instant action the Defendant while attempting to collect the Account left voicemail message(s) for the Plaintiff that did not contain meaningful disclosure of the caller's identity as required by FDCPA 1692d(6) and/or did not contain the language required by FDCPA 1692e(11).

37.    On information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff and the voicemail message(s) it left for the Plaintiff in the year prior to the filing of the instant action.

38.    On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff and the voicemail message(s) it left for the Plaintiff in the year prior to the filing of the instant action.

39.    On information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff and the voicemail message(s) it left for the Plaintiff in the year prior to the filing of the instant action.

40. On information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff and the voicemail message(s) it left for the Plaintiff in the year prior to the filing of the instant action.

41. On information and belief the Defendant's copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff and the voicemail message(s) it left for the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

42. The Defendant's action(s) constitute harassment or abuse and violate FDCPA 1692d(6).

43. The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(10) and e(11).

44. The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

45. The FDCPA is a "strict liability statute," and Plaintiff need only "show one violation of its provisions to be entitled to judgment in her favor." Ellis v. Cohen & Slamowitz, LLP, 701 F.Supp. 2d 215, 219 (N.D.N.Y. 2010).

46. As a consequence of the Defendant's action(s), the Plaintiff has sustained damages pursuant to FDCPA § 1692k.

**COUNT I, FDCPA VIOLATION**

47. The previous paragraphs are incorporated into this Count as if set forth in

full.

48.     The act(s) and omission(s) of the Defendant constitute a violation of the

        § 1692d(6), § 1692e preface, e(2)(A), e(10), e(11) and § 1692f preface.

49.     Pursuant to FDCPA § 1692k the Plaintiff is entitled to damages,

        reasonable attorney's fees and costs.

### JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.   U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

### PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.     A finding that the Defendant violated the FDCPA and/or an admission from
       the Defendant that it violated the FDCPA.

2.     Damages pursuant to 15 U.S.C. § 1692k(a).

3.     Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.     Such other and further relief as the Court deems just and proper.

                          Respectfully submitted,

                          _s/ David M. Larson   _____
                          David M. Larson, Esq.
                          405 S. Cascade Avenue, Suite 305
                          Colorado Springs, CO 80903
                          (719) 473-0006
                          Attorney for the Plaintiff